EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN ADDICTION CENTERS, INC., a Nevada corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIE R. MEADOWS, on behalf of himself, all others similarly situated,

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| E-FILED<br>4/27/2018 2:59 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>18CV327372<br>Reviewed By: E. Fang<br>Envelope: 1462790 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Downtown Superior Court<br>191 North First Street<br>San Jose, California 95113 | CASE NUMBER:<br>*(Número del Caso):* 18CV327372 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

| DATE:<br>*(Fecha)* 4/27/2018 2:59 PM    Clerk of Court | Clerk, by<br>*(Secretario)* E. Fang | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* American Addiction Centers, Inc., a Nevada corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

18CV327372

E-FILED
4/27/2018 2:59 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV327372
Reviewed By: E. Fang

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3  William M. Pao (SBN 219846)
   william@setarehlaw.com
4  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   WILLIE R. MEADOWS
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SANTA CLARA

11                         UNLIMITED JURISDICTION

12

13  WILLIE R. MEADOWS, on behalf of himself,      Case No.  18CV327372
    all others similarly situated,
14                                                 **CLASS ACTION**
                    *Plaintiff*,
15                                                 **COMPLAINT**
           vs.
16                                                 1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A)
    AMERICAN ADDICTION CENTERS, INC.,                 (Fair Credit Reporting Act);
17  a Nevada corporation; and DOES 1 through       2. Violation of 15 U.S.C. §§ 1681d(a)(1) and
    50, inclusive,                                    1681g(c) (Fair Credit Reporting Act);
18                                                 3. Violation of California Civil Code § 1786 *et*
                    *Defendants*.                     *seq*. (Investigative Consumer Reporting
19                                                    Agencies Act);
                                                   4. Violation of California Civil Code § 1785 *et*
20                                                    *seq*. (Consumer Credit Reporting Agencies
                                                      Act);
21                                                 5. Failure to Provide Meal Periods (Lab. Code
                                                      §§ 204, 223, 226.7, 512 and 1198);
22                                                 6. Failure to Provide Rest Periods (Lab. Code
                                                      §§ 204, 223, 226.7 and 1198);
23                                                 7. Failure to Indemnify (Lab. Code § 2802);
                                                   8. Failure to Provide Accurate Written Wage
24                                                    Statements (Lab. Code §§ 226(a));
                                                   9. Failure to Timely Pay All Final Wages
25                                                    (Lab. Code §§ 201, 202 and 203);
                                                   10. Unfair Competition (Bus. & Prof. Code §§
26                                                    17200 *et seq*.);

27                                                 **JURY TRIAL DEMANDED**

28

                          CLASS ACTION COMPLAINT

1        COMES NOW, Plaintiff WILLIE R. MEADOWS ("Plaintiff"). on behalf of himself, all

2  others similarly situated. complains and alleges as follows:

3                              **INTRODUCTION**

4      1.    Plaintiff brings this class action against Defendant AMERICAN ADDICTION

5  CENTERS. INC., a Nevada corporation; and DOES 1 through 50, inclusive (collectively referred to

6  as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar

7  California laws.

8      2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer

9  and/or consumer credit reports (referred to collectively as "credit and background reports") to

10  conduct background checks on Plaintiff and other prospective, current and former employees and

11  use information from credit and background reports in connection with their hiring process without

12  providing proper disclosures and obtaining proper authorization in compliance with the law.

13      3.    Plaintiff, individually and on behalf of all others similarly situated current, former

14  and prospective employees, seeks compensatory and punitive damages due to Defendants'

15  systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq*.), the California

16  Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 *et seq*.); and

17  the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et*

18  *seq*.).

19      4.    Plaintiff also brings this class action against Defendants for alleged violations of the

20  Labor Code and Business and Professions Code. As set forth below, Plaintiff alleges that

21  Defendants have:

22          (1)    failed to provide him and all other similarly situated individuals with meal

23                periods;

24          (2)    failed to provide them with rest periods;

25          (3)    failed to pay them premium wages for missed meal and/or rest periods;

26          (4)    failed to pay them premium wages for missed meal and/or rest periods at the

27                regular rate of pay;

28          (5)    failed to pay them at least minimum wage for all hours worked;

1        (6)    failed to pay them overtime wages at the correct rate;

2        (7)    failed to pay them double time wages at the correct rate;

3        (8)    failed to provide them with accurate written wage statements; and

4        (9)    failed to pay them all of their final wages following separation of

5                employment.

6      Based on these alleged Labor Code violations, Plaintiff now brings this class action to

7 recover unpaid wages, restitution and related relief on behalf of himself, all others similarly

8 situated.

9                              **JURISDICTON AND VENUE**

10     5.    This Court has subject matter jurisdiction to hear this case because the monetary

11 damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal

12 jurisdiction of the Superior Court of the State of California.

13     6.    Venue is proper in the County of Santa Clara pursuant to Code of Civil Procedure

14 sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

15 that are the subject matter of this Complaint occurred therein and/or each defendant is found,

16 maintains offices, transacts business and/or has an agent therein.

17     7.    Venue is proper in Santa Clara County because Defendants' principal place of

18 business is in Tennessee, is incorporated under the laws of Nevada, does business in Santa Clara

19 County, and has not registered a California place of business with the California Secretary of State.

20 As such, venue is proper in any county in California.

21                                   **PARTIES**

22     8.    Plaintiff WILLIE R. MEADOWS is, and at all relevant times mentioned herein, an

23 individual residing in the State of California.

24     9.    Plaintiff is informed and believes, and thereupon alleges that Defendant

25 AMERICAN ADDICTION CENTERS, INC. is, and at all relevant times mentioned herein, a

26 Nevada corporation doing business in the State of California.

27     10.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

28 DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

1  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

2  when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

3  fictitiously named defendants are responsible in some manner for the occurrences, acts and

4  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

5  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

6  capacities of the DOE defendants when ascertained.

7      11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

8  mentioned herein, some or all of the defendants were the representatives, agents, employees,

9  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

10  other defendants, and in doing the things alleged herein, were acting within the course and scope of

11  such relationship and with the full knowledge, consent and ratification by such other defendants.

12      12.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

13  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

14  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

15  acts and omissions alleged herein.

16                              **CLASS ALLEGATIONS**

17      13.    This action has been brought and may be maintained as a class action pursuant to

18  Code of Civil Procedure section 382 because there is a well-defined community of interest among

19  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

20  unaware of any difficulties likely to be encountered in managing this case as a class action.

21      14.    **Relevant Time Period**:  The relevant time period is defined as the time period

22  beginning four years prior to the filing of this action until judgment is entered.

23      **FCRA Class:**  All of Defendants' current, former and prospective applicants for
employment in the United States who applied for a job with Defendants at any time during
24      the period for which a background check was performed beginning five years prior to the
filing of this action and ending on the date that final judgment is entered in this action.
25
**ICRAA Class:**  All of Defendants' current, former and prospective applicants for
26      employment in California, at any time during the period beginning five years prior to the
filing of this action and ending on the date that final judgment is entered into this action.
27
**CCRAA Class:**  All of Defendants' current, former and prospective applicants for
28      employment in California, at any time during the period beginning seven years prior to the

1    filing of this action and ending on the date that final judgment is entered in this action.

2    **Hourly Employee Class**: All persons employed by Defendants and/or any staffing agencies
     and/or any other third parties in hourly or non-exempt positions in California during the
3    **Relevant Time Period**.

4        **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a
         shift in excess of five hours during the **Relevant Time Period**.
5
         **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift
6        of at least three and one-half (3.5) hours during the **Relevant Time Period**.

7        **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members
         employed by Defendants in California during the period beginning one year before
8        the filing of this action and ending when final judgment is entered.

9        **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who
         separated from their employment with Defendants during the period beginning three
10       years before the filing of this action and ending when final judgment is entered.

11   **UCL Class**: All **Hourly Employee Class** members employed by Defendants in California
     during the **Relevant Time Period**.
12
     **Expense Reimbursement Class:** All persons employed by Defendants in California who
13   incurred business expenses during the **Relevant Time Period**.

14       15.    **Excluded Claims**: Plaintiff excludes claims that were resolved in prior settlements

15   for the period released by each individual.

16       16.    **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

17   right to amend or modify the class definitions with greater specificity, by further division into sub-

18   classes and/or by limitation to particular issues.

19       17.    **Numerosity**: The class members are so numerous that the individual joinder of each

20   individual class member is impractical. While Plaintiff does not currently know the exact number

21   of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

22   exceeds the minimum required for numerosity under California law.

23       18.    **Commonality and Predominance:** Common questions of law and fact exist as to

24   all class members and predominate over any questions which affect only individual class members.

25   These common questions include, but are not limited to:

26       A.    Whether Defendants failed to comply with the requirements of 15 U.S.C. §

27             7001 section 101(c)(1);

28       B.    Whether Defendants willfully failed to provide the class with stand-alone

                                            4

1       written disclosures before obtaining a credit or background report in
2       compliance with the statutory mandates;

3   C.  Whether Defendants willfully failed to identify the name, address, telephone
4       number, and/or website of the investigative consumer reporting agency
5       conducting the investigation;

6   D.  Whether Defendants willfully failed to identify the source of the credit report
7       to be performed;

8   E.  Whether Defendants willfully failed to comply with the FCRA, ICRAA
9       and/or the CCRAA;

10  F.  Whether Defendants maintained a policy or practice of failing to provide
11      employees with their meal periods;

12  G.  Whether Defendants maintained a policy or practice of failing to provide
13      employees with their rest periods;

14  H.  Whether Defendants failed to pay premium wages to class members when
15      they have not been provided with required meal and/or rest periods;

16  I.  Whether Defendants failed to pay minimum and/or overtime wages to class
17      members as a result of policies that fail to provide meal periods in accordance
18      with California law;

19  J.  Whether Defendants failed to pay minimum and/or overtime wages to class
20      members for all time worked;

21  K.  Whether Defendants failed to reimburse class members for all necessary
22      business expenses incurred during the discharge of their duties;

23  L.  Whether Defendants failed to provide class members with accurate written
24      wage statements as a result of providing them with written wage statements
25      with inaccurate entries for, among other things, amounts of gross and net
26      wages, and total hours worked;

27  M.  Whether Defendants applied policies or practices that result in late and/or
28      incomplete final wage payments;

N. Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

O. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

19. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

20. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

21. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

22. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make 1 difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

<div align="center">**GENERAL ALLEGATIONS**</div>

23. Plaintiff worked for Defendants as a non-exempt, hourly employee from

<div align="center">6
CLASS ACTION COMPLAINT</div>

1   approximately June 3, 2015 and was eventually terminated on July 10, 2017.

2                      **Background Check**

3       24.    Defendants performed a background investigation on Plaintiff as Defendants did not

4   provide legally compliant disclosure and authorization forms to Plaintiff and the putative class as

5   they contained extraneous and superfluous language.

6       25.    The Disclosure and Authorization form was part of an eight-page document that does

7   not contain solely of the disclosure.

8                      **Missed Meal Periods**

9       26.    Plaintiff and the putative class members were not provided with meal periods of at

10   least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

11   scheduling each meal period as part of each work shift; (2) chronically understaffing each work

12   shift with not enough workers; (3) imposing so much work on each employee such that it made it

13   unlikely that an employee would be able to take their breaks if they wanted to finish their work on

14   time; and (4) no formal written meal and rest period policy that encouraged employees to take their

15   meal and rest periods.

16       27.    As a result of Defendants' policy. Plaintiff and the putative class were regularly not

17   provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

18   worked due to complying with Defendants' productivity requirements that required Plaintiff and

19   the putative class to work through their meal periods in order to complete their assignments on

20   time.

21                      **Missed Rest Periods**

22       28.    Plaintiff and the putative class members were not provided with rest periods of at

23   least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

24   Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically

25   understaffing each work shift with not enough workers: (3) imposing so much work on each

26   employee such that it made it unlikely that an employee would be able to take their breaks if they

27   wanted to finish their work on time; and (4) no formal written meal and rest period policy that

28   encouraged employees to take their meal and rest periods.

29. As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

### Expense Reimbursement

30. Plaintiff and the putative class members were required to utilize their own personal tools to perform their job duties. For example, they were required to download an application onto their personal cellphones whereby they would be required to clock in/out for their shifts.

31. Plaintiff and the putative class members were required to take calls during business hours pertaining to work matters on their personal cellphones but were not reimbursed for such business expenses incurred in utilizing their personal cellphones.

32. Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

### Wage Statements

33. Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

34. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

- Any and all meal and rest period premium wages were not included, and so gross wages were not accurately reflected.

35. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:

36. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included:

- Any and all meal and rest period premiums were not included, and so net wages were not accurately reflected.

18. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

CLASS ACTION COMPLAINT

1  hourly rates in effect during the pay period and the corresponding number of hours worked at each

2  hourly rate by the employee" were not accurately reflected in that: all hours worked, including

3  overtime, were not included.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A))

### (Plaintiff and FCRA Class Against All Defendants)

37.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

38.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

39.    Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

40.    Section 1681a(d)(1) of the FCRA defines "consumer report" as:

"The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

41.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

"The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

42.    Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes
Except as provided in subparagraph (B), a person may not procure a consumer
report, or cause a consumer report to be procured, for employment purposes with
respect to any consumer, unless--

   (i)   A *clear and conspicuous* disclosure has been made in writing to the
         consumer at any time before the report is procured or caused to be procured,
         in a document that *consists solely of the disclosure*, that a consumer report
         may be obtained for employment purposes; and

   (ii)  The consumer has authorized in writing (which authorization may be made
         on the document referred to in clause (i)) the procurement of the report by
         that person.
         (Emphasis added.)

43.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made
in writing.

44.    Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section
7001(c), the disclosures do not satisfy the written requirement.

45.    Plaintiff alleges, upon information and belief, that in evaluating him and other class
members for employment, Defendants procured or caused to be procured credit and background
reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section
1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

46.    The purported disclosures do not meet the requirements under the law because they
are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-
alone documents.

47.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer
report or investigative consumer report for employment purposes unless the disclosure is made in a
document that consists solely of the disclosure and the consumer has authorized, in writing, the
procurement of the report. (15 U.S.C. § 1681b(b)(@0(A0(i)-(ii).) The inclusion of a release and
other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

48.    Although the disclosure and authorization may be combined in a single document,
the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous
information or be part of another document. For example, in response to an inquiry as to whether

1 │ the disclosure may be set forth within an application for employment or whether it must be included

2 │ in a separate document, the FTC stated:

3 │         "The disclosure may not be part of an employment application because the language
        [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears

4 │         conspicuously in a document not encumbered by any other information.  The reason
        for requiring that the disclosure be in a stand-alone document is to prevent

5 │         consumers from being distracted by other information side-by-side within the
        disclosure."

6 │

7 │      49.    The plain language of the statute also clearly indicates that the inclusion of a liability

8 │ release in a disclosure form violates the disclosure and authorization requirements of the FCRA,

9 │ because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly warned

10 │ that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion

11 │ letter, the FTC stated:

12 │         "[W]e note that your draft disclosure includes a waiver by the consumer of his or
        him rights under the FCRA.  The inclusion of such a waiver in a disclosure form will

13 │         violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist
        'solely' of the disclosure that a consumer report may be obtained for employment

14 │         purposes."

15 │      50.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C.

16 │ section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request

17 │ for a consumer's waiver of his or him rights under the FCRA."

18 │      51.    By including a release and other extraneous information, Defendants willfully

19 │ disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA.

20 │ Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and

21 │ conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A0 and

22 │ 1681d(a).

23 │      52.    Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is

24 │ willful. Defendants acts in deliberate or reckless disregard of their obligations and the rights of

25 │ applicants and employees, including Plaintiff and class members. Defendants' willful conduct is

26 │ reflected by, among other things, the following facts:

27 │         A.    Defendants are a large corporation with access to legal advice;

28 │         B.    Defendants required a purported authorization to perform credit and

1                background checks in the process of employing the class members which,

2                although defective, evidences Defendants' awareness of and willful failure to

3                follow the governing laws concerning such authorizations;

4        C.      The plain language of the statute unambiguously indicates that inclusion of a

5                liability release and other extraneous information in a disclosure form

6                violates the disclosure and authorization requirements; and

7        D.      The FTC's express statements, pre-dating Defendants' conduct, which state

8                that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a

9                liability waiver in the disclosure form.

10     53.    Defendants required a liability release in the disclosure form, along with other

11 extraneous information, that releases all parties involved from any liability and responsibility for

12 releasing information they have about the Plaintiff to Defendants.

13     54.    Based upon the facts likely to have evidentiary support after a reasonable

14 opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy

15 and practice of procuring investigative consumer reports or causing investigative consumer reports

16 to be procured for applicants and employees without informing them of their right to request a

17 summary of their rights under the FCRA at the same time as the disclosure explaining that an

18 investigative consumer report may be made.  Pursuant to that policy and practice, Defendants

19 procured investigative consumer reports or caused investigative consumer reports to be procured for

20 Plaintiff and class members, as described above, without informing class members of their rights to

21 request a written summary of their rights under the FCRA.

22     55.    Accordingly, Defendants willfully violated and continue to violate the FCRA,

23 including but not limited to, sections 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is

24 reflected by, among other things, the facts set forth above.

25     56.    As a result of Defendants' unlawful procurement of credit and background reports by

26 way of their inadequate disclosures, as set forth above, Plaintiff and class members have been

27 injured, including but not limited to, having their privacy and statutory rights invaded in violation of

28 the FCRA.

57.    Plaintiff, on behalf of himself and all class members, seek all available remedies pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

58.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o, including statutory damages and attorneys' fees and costs.

<div align="center">

**SECOND CAUSE OF ACTION**

**FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA**

**(15 U.S.C. § 1681d(a)(1) and 1681g(c))**

**(Plaintiff and FCRA Class Against All Defendants)**

</div>

59.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

60.    Section 1681d(a) states:

(a) Disclosure of fact of preparation
A person may not procure or cause to be prepared an investigative consumer report on any consumer unless–

(1) it is ***clearly and accurately disclosed to the consumer*** that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, which are applicable, may be made, and such disclosure

(A) is ***made in a writing mailed, or otherwise delivered, to the consumer***, not later than three days after the date on which the report was first requested, and

(B) ***includes a statement informing the consumer of his right to request the additional disclosures*** provided for under subsection (b) of this section and ***the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title;

(Emphasis added.)

61.    Section 1681d(b) states:

(b) Disclosure on request of nature and scope of investigation
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a ***complete and accurate disclosure of the nature and scope of the investigation requested.*** This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the

<div align="center">

13

</div>

1         consumer or such report was first requested, whichever is the later.
        (Emphasis added.)

2     62.    As previously alleged, because Defendants' disclosures do not meet the requirement

3 of Section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy the written

4 requirement.

5     63.    Moreover, even if Defendants' disclosures are deemed to satisfy Section 101(c)(1),

6 Defendants did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the

7 consumer of the right to have the person who procured the report provide a complete and accurate

8 disclosure of the nature and scope of the investigation requested.

9     64.    Section 1681g(c) further provides for summary of rights to obtain and dispute

10 information in consumer reports and to obtain credit scores:

11       (c) Summary of rights to obtain and dispute information in consumer reports and to
         obtain credit scores

12         (1) Commission
13         Summary of rights required

14         (A) In general
          The Commission shall prepare a model summary of the rights of consumers
15           under this subchapter.

16         (B) Content of summary
          The summary of rights prepared under subparagraph (A) shall include a
17           description of–

18           (i)  the right of a consumer to obtain a copy of a consumer report under
             subsection (a) from each consumer reporting agency;
19

20           (ii) the frequency and circumstances under which a consumer is entitled to
             receive a consumer report without charge under section 1681j of this
21              title;

22           (iii) the right of a consumer to dispute information in the file of the
             consumer under section 1681i of this title;

23           (iv) the right of a consumer to obtain a credit score from a consumer
             reporting agency, and a description of how to obtain a credit score;
24

25           (v) the method by which a consumer can contact, and obtain a consumer
             report from, a consumer reporting agency without charge, as provided
             in the regulations of the Bureau prescribed under section 211(c) of the
26              Fair and Accurate Credit Transactions Act of 2003; and

27           (vi) the method by which a consumer can contact, and obtain a consumer
             report from, a consumer reporting agency described in section
28              1681a(w) of this title, as provided in the regulations of the Bureau

14

1                      prescribed under section 1681j(a)(1)(C) of this title.

2      65.    Defendants did not comply with 1681g(c)(B)(1) because the disclosures did not state

3 the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

4      66.    Defendants did not comply with 1681g(c)(B)(2) because the disclosure did not state

5 the frequency and circumstances under which a consumer is entitled to receive a consumer report

6 without charge.

7      67.    Defendants did not comply with 1681g(c)(B)(3) because the disclosure did not state

8 the right of a consumer to dispute information in the file of the consumer.

9      68.    Defendants did not comply with 1681g(c)(B)(4) because the disclosure did not state

10 the right of a consumer to obtain a credit score from a consumer reporting agency and a description

11 of how to obtain a credit score.

12      69.    Defendants did not comply with 1681g(c)(B)(5) because the disclosure did not state

13 the method by which a consumer can contact, and obtain a consumer report from, a consumer

14 reporting agency without charge.

15      70.    Defendants did not comply with 1681g(c)(B)(6) because the disclosure did not state

16 the method by which a consumer can contact, and obtain a consumer report from, a consumer

17 reporting agency described in section 1681a(w) of this title, as provided in the regulations of the

18 Bureau prescribed under section 1681j(a)(1)(C) of this title.

19 <div align="center">**THIRD CAUSE OF ACTION**</div>

20 <div align="center">**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE ICRAA**</div>

21 <div align="center">**(Cal. Civ. Code §§ 1786 *et seq.*)**</div>

22 <div align="center">**(Plaintiff and ICRAA Class Against All Defendants)**</div>

23      71.    Plaintiff incorporates the preceding paragraphs in the Complaint as if fully alleged

24 herein.

25      72.    Defendants are "persons" as defined by section 1786.2(a) of the ICRAA.

26      73.    Plaintiff and **ICRAA Class** members are "consumers" within the meaning of section

27 1786.2(b) of the ICRAA because they are "individuals."

28      74.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

1  "The term investigative consumer report means a consumer report in which
   information on a consumer's character, general reputation, personal characteristics,
2  or mode of living is obtained through any means."

3     75.   Accordingly, a background check qualifies as an investigative consumer report under

4  the ICRAA.

5     76.   Section 1786.16(a)(2) of the ICRAA provides:

6     (2) If, at any time, an investigative consumer report is sought for employment
          purposes other than suspicion of wrongdoing or misconduct by the subject of the
7         investigation, the person seeking the investigative consumer report may procure
          the report, or cause the report to be made, only if all of the following apply:
8
       (A) The person procuring or causing the report to be made has a permissible
9          purpose, as defined in Section 1786.12.

10     (B) The person procuring or causing the report to be made provides a *clear and
           conspicuous* disclosure in writing to the consumer at any time before the
11         report is procured or caused to be made *in a document that consists solely of
           the disclosure*, that:
12
         (i)  An investigative consumer report may be obtained.
13
         (ii) The permissible purpose of the report is identified.
14
         (iii) The disclosure may include information on the consumer's character,
15             general reputation, personal characteristics, and mode of living.

16       (iv) Identifies the *name, address, and telephone number of the investigative
              consumer reporting agency* conducting the investigation.
17
         (v)  Notifies the consumer in writing of the nature and scope of the
18            investigation requested, including a summary of the provisions of Section
              1786.22.
19
         (vi) *Notifies the consumer of the Internet Web site address of the
20            investigative consumer reporting agency* identified in clause (iv), or, *if
              the agency has no Internet Web site address, the telephone number of
21            the agency*, where the consumer may find information about the
              investigative reporting agency's privacy practices, including whether the
22            consumer's personal information will be sent outside the United States or
              its territories and information that complies with subdivision (d) of Section
23            1786.20.  This clause shall be operative on January 1, 2012.

24       (C) The consumer has authorized in writing the procurement of the report.
           (Emphasis added.)
25
       77.   As previously alleged, because Defendants' disclosures do not meet the requirements
26
   of section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy section 1786.16(a)(2)
27
   of the ICRAA requirement that the disclosures be made in writing.
28

16
CLASS ACTION COMPLAINT

1    78.    As described above, Plaintiff alleges that in evaluating him and other class members

2 for employment, Defendants procured or caused to be prepared investigative consumer report (e.g.

3 background checks) as described by Civil Code section 1786.2(c).

4    79.    Because the purported disclosures are embedded with extraneous information and

5 are not clear and unambiguous disclosures in stand-alone documents, they do not meet the

6 requirements under the law.

7    80.    Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer

8 report or investigative consumer report for employment purposes unless the disclosure is made in a

9 document that consists solely of the disclosure and the consumer has authorized, in writing, the

10 procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and

11 other extraneous information therefore violates section 1786.16(a)(2)(B) of the ICRAA.

12    81.    The plain language of the statute clearly indicates that the inclusion of a liability

13 release in a disclosure form violates the disclosure and authorization requirements of the ICRAA

14 because such a form would not consist "solely" of the disclosure.

15    82.    By including the Release and other extraneous information, Defendants willfully

16 violated section 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous

17 provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates section

18 1786.16(a)(2)(B).

19    83.    Based upon facts that are likely to have evidentiary support after a reasonable

20 opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and

21 practice of failing to provide adequate written disclosure to applicants and employees, before

22 procuring background checks or causing background checks to be procured, as described above.

23 Pursuant to that policy and practice, Defendants procured background checks or caused background

24 checks to be procured for Plaintiff and class members without first providing a written disclosure in

25 compliance with section 1786.16(a)(2)(B) of the ICRAA, as described above.

26    84.    Defendants' conduct in violation of Section 1786.16(a)(2)(B) of the ICRAA was and

27 is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their

28 obligations and the rights of applicants and employees, including Plaintiff and class members.

1  Defendants' willful conduct is reflected by, among other things, the following facts:

2     (a) Defendants are large corporations with access to legal advice;

3     (b) Defendants required a purported authorization to perform credit and background

4      checks in the process of employing the class members which, although defective,

5      evidences Defendants' awareness of and willful failure to follow the governing

6      laws concerning such authorizations; and

7     (c) The plain language of the statute unambiguously indicates that inclusion of a

8      liability release and other extraneous information in a disclosure form violates

9      the disclosure and authorization requirements, and that the disclosure form must

10     contain the name, address, phone number, and/or website address of the

11     investigative consumer reporting agency conducting the investigation.

12   85. As a result of Defendants' illegal procurement of background reports by way of their

13 inadequate disclosures, as set forth above, Plaintiff and class members have been injured including,

14 but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

15   86. Plaintiff, on behalf of himself and all class members, seeks all available remedies

16 pursuant to Civil Code section 1786.50, including statutory damages and/or actual damages,

17 punitive damages, and attorneys' fees and costs.

18   87. In the alternative to Plaintiff's allegation that these violations were willful or grossly

19 negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if

20 any, under Civil Code section 1786.50(a), including actual damages and attorneys' fees and costs.

21        **FOURTH CAUSE OF ACTION**

22  **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE CCRAA**

23       **(Cal. Civ. Code §§ 1785 *et seq*.)**

24     **(Plaintiff and CCRAA Class Against All Defendants)**

25   88. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

26   89. Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit

27 Reporting Agencies Act ("CCRAA").

28   90. Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section

18
CLASS ACTION COMPLAINT

1  1785.3(b) of the CCRAA, because they are "natural individuals."

2      91.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

3      any written, oral, or other communication of any information by a consumer credit
4  reporting agency bearing on a consumer's credit worthiness, credit standing, or credit
    capacity, which is used or is expected to be used, or collected in whole or in part, for
    the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2)
5      employment purposes...

6  Thus, a credit report qualifies as a consumer credit report under the CCRAA.

7      92.    Section 1785.20.5(a) of the CCRAA provides, in relevant part:

8      Prior to requesting a consumer credit report for employment purposes, the user of the
    report shall provide written notice to the person involved. The notice shall inform the
9      person that a report will be used, and *shall identify the specific basis under subdivision*
    *(a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also*
10     *inform the person of the source of the report...*

11     (Emphasis added.)

12     93.    As described above, Plaintiff alleges that in evaluating him and other class

13 members for employment, Defendants procured or caused to be prepared consumer credit reports

14 (e.g. credit reports), as defined by Section 1785.3(c).

15     94.    The disclosure provided by Defendants does not identify the specific basis under

16 subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission

17 clearly violates Section 1785.20.5(a) of the CCRAA, as delineated above.

18     95.    Based upon facts that are likely to have evidentiary support after a reasonable

19 opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and

20 practice of failing to provide adequate written disclosures to applicants and employees, before

21 procuring credit reports or causing credit reports to be procured, as described above. Pursuant to

22 that policy and practice, Defendants procured credit reports or caused credit reports to be procured

23 for Plaintiff and class members without first providing a written notice in compliance with Section

24 1785.20.5(a) of the CCRAA, as described above.

25     96.    Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is

26 willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their

27 obligations and the rights of applicants and employees, including Plaintiff and class members.

28 Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendants are large corporations with access to legal advice;

(b) Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c) The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

97. As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

98. Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

99. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

100. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

101. At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

1 │ Code and the applicable Industrial Welfare Commission Wage Order.

2 │ 102. Labor Code section 512 and Section 11 of the applicable Industrial Welfare

3 │ Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

4 │ employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

5 │ of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

6 │ minutes for each work period of ten hours.

7 │ 103. Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

8 │ Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

9 │ work during required meal periods and require employers to pay non-exempt employees an hour of

10 │ premium wages on each workday that the employee is not provided with the required meal period.

11 │ 104. Compensation for missed meal periods constitutes wages within the meaning of

12 │ Labor Code section 200.

13 │ 105. Labor Code section 1198 makes it unlawful to employ a person under conditions that

14 │ violate the applicable Wage Order.

15 │ 106. Section 11 of the applicable Wage Order states:

16 │ "No employer shall employ any person for a work period of more than five (5) hours
17 │ without a meal period of not less than 30 minutes, except that when a work period of
   │ not more than six (6) hours will complete the day's work the meal period may be
18 │ waived by mutual consent of the employer and employee. Unless the employee is
   │ relieved of all duty during a 30 minute meal period, the meal period shall be
19 │ considered an 'on duty' meal period and counted as time worked. An 'on duty' meal
   │ period shall be permitted only when the nature of the work prevents an employee
20 │ from being relieved of all duty and when by written agreement between the parties
   │ an on-the-job paid meal period is agreed to. The written agreement shall state that
21 │ the employee may, in writing, revoke the agreement at any time."

22 │ 107. At all relevant times, Plaintiff was not subject to a valid on-duty meal period

23 │ agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

24 │ members were not subject to valid on-duty meal period agreements with Defendants.

25 │ 108. Plaintiff alleges that, at all relevant times during the applicable limitations period,

26 │ Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

27 │ **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

28 │ each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

1   Order.

2       109.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

3   Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

4   **Class** members when they worked five (5) hours without clocking out for any meal period.

5       110.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

6   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

7   **Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and

8   failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

9       111.    Moreover, Defendants written policies do not provide that employees must take their

10  first meal period before the end of the fifth hour of work, that they are entitled to a second meal

11  period if they work a shift of over ten hours, or that the second meal period must commence before

12  the end of the tenth hour of work, unless waived.

13      112.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

14  **Class** members additional premium wages, and/or were not paid premium wages at the employees'

15  regular rates of pay when required meal periods were not provided.

16      113.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

17  and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

18  and costs of suit.

19      114.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

20  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

21  the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

22                          **SIXTH CAUSE OF ACTION**

23                      **FAILURE TO PROVIDE REST PERIODS**

24                      **(Lab. Code §§ 204, 223, 226.7 and 1198)**

25                      **(Plaintiff and Rest Period Sub-Class)**

26      115.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

27  herein.

28      116.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

                                    22

1  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor
2  Code and the applicable Wage Order.

3      117.    Section 12 of the applicable Wage Order imposes an affirmative obligation on
4  employers to permit and authorize employees to take required rest periods at a rate of no less than
5  ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be
6  in the middle of each work period insofar as practicable.

7      118.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit
8  employers from requiring employees to work during required rest periods and require employers to
9  pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on
10  each workday that the employee is not provided with the required rest period(s).

11      119.    Compensation for missed rest periods constitutes wages within the meaning of Labor
12  Code section 200.

13      120.    Labor Code section 1198 makes it unlawful to employ a person under conditions that
14  violate the Wage Order.

15      121.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
16  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**
17  with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,
18  as required by the applicable Wage Order.

19      122.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**
20  **Class** members additional premium wages when required rest periods were not provided.

21      123.    Specifically, Defendants written policies do not provide that employees may take a
22  rest period for each four hours worked, or major fraction thereof, and that rest periods should be
23  taken in the middle of each work period insofar as practicable.

24      124.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself
25  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and
26  costs of suit.

27      125.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
28  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

1  **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

2  <center>**SEVENTH CAUSE OF ACTION**</center>

3  <center>**FAILURE TO INDEMNIFY**</center>

4  <center>**(Lab. Code § 2802)**</center>

5  <center>**(Plaintiff and Expense Reimbursement Class)**</center>

6      126.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

7  herein.

8      127.   Labor Code section 2802(a) states:

9        "An employer shall indemnify his or her employee for all necessary expenditures or
   losses incurred by the employee in direct consequence of the discharge of his or her
10  duties, or of his or her obedience to the directions of the employer, even though
   unlawful, unless the employee, at the time of obeying the directions, believed them
11  to be unlawful."

12      128.   At all relevant times during the applicable limitations period, Plaintiff and the

13  **Expense Reimbursement Class** members incurred necessary business related expenses and costs,

14  including but not limited to, costs and expenses related to the use of their personal cellphones for

15  work purposes.

16      129.   Plaintiff is informed and believes, and thereupon alleges that Defendants have failed

17  to indemnify Plaintiff and **Expense Reimbursement Class** members for all necessary expenses

18  incurred in the discharge of their duties.

19      130.   Plaintiff is informed and believes that, during the applicable limitations period,

20  Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

21  **Reimbursement Class** members for all necessary business expenses.

22      131.   Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

23  restitution for all unpaid amounts due and owing to within four years of the date of the filing of the

24  Complaint and until the date of entry of judgment.

25      132.   Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seek

26  interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees

27  pursuant to Code of Civil Procedure section 1021.5.

28  ///

<center>24</center>
<center>CLASS ACTION COMPLAINT</center>

## EIGHTH CAUSE OF ACTION

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

133.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

134.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or him employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

135.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

136.    Plaintiff is informed and believes that, at all relevant times during the applicable

1 | limitations period. Defendants have failed to provide **Wage Statement Penalties Sub-Class**
2 | members with written wage statements as described above.

3 |     137.    Plaintiff is informed and believes that Defendants' failure to provide him and **Wage**
4 | **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in
5 | that Defendants have the ability to provide them with accurate wage statements but have
6 | intentionally provided them with written wage statements that Defendants have known do not
7 | comply with Labor Code section 226(a).

8 |     138.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries.
9 | in that Defendants have violated their legal rights to receive accurate wage statements and have
10 | misled them about their actual rates of pay and wages earned.  In addition, inaccurate information
11 | on their wage statements have prevented immediate challenges to Defendants' unlawful pay
12 | practices, has required discovery and mathematical computations to determine the amount of wages
13 | owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or
14 | has led to the submission of inaccurate information about wages and deductions to federal and state
15 | government agencies.

16 |     139.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**
17 | **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the
18 | initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each
19 | subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an
20 | aggregate penalty of $4000.00 per class member. as well as awards of reasonable attorneys' fees
21 | and costs.

22 |                         **NINTH CAUSE OF ACTION**
23 |                 **FAILURE TO TIMELY PAY ALL FINAL WAGES**
24 |                         **(Lab. Code §§ 201-203)**
25 |                 **(Plaintiff and Waiting Time Penalties Sub-Class)**
26 |     140.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
27 | herein.
28 |     141.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

1  have been entitled, upon the end of their employment with Defendants, to timely payment of all
2  wages earned and unpaid before termination or resignation.

3      142.    At all relevant times, pursuant to Labor Code section 201, employees who have been
4  discharged have been entitled to payment of all final wages immediately upon termination.

5      143.    At all relevant times, pursuant to Labor Code section 202, employees who have
6  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to
7  payment of all final wages at the time of resignation.

8      144.    At all relevant times, pursuant to Labor Code section 202, employees who have
9  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to
10  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

11      145.    During the applicable limitations period. Defendants failed to pay Plaintiff all of him
12  final wages in accordance with the Labor Code by failing to timely pay him all of him final wages.

13      146.    Plaintiff is informed and believes that, at all relevant time during the applicable
14  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**
15  members all of their final wages in accordance with the Labor Code.

16      147.    Plaintiff is informed and believes that, at all relevant times during the applicable
17  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**
18  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code
19  sections 201 or 202 by failing to timely pay them all final wages.

20      148.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to
21  timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been
22  willful in that Defendants have the ability to pay final wages in accordance with Labor Code
23  sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible
24  with those requirements.

25      149.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and
26  **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their
27  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

28      150.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

1 | and/or the common fund doctrine. Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**
2 | **Class** members, seek awards of reasonable attorneys' fees and costs.

3 |                    **TENTH CAUSE OF ACTION**

4 |                    **UNFAIR COMPETITION**

5 |               **(Bus. & Prof. Code §§ 17200 *et seq.*)**

6 |                  **(Plaintiff and UCL Class)**

7 |         151.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
8 | herein.

9 |         152.    Business and Professions Code section 17200 defines "unfair competition" to
10 | include any unlawful business practice.

11 |         153.    Business and Professions Code section 17203-17204 allow a person who has lost
12 | money or property as a result of unfair competition to bring a class action in accordance with Code
13 | of Civil Procedure section 382 to recover money or property that may have been acquired from
14 | similarly situated persons by means of unfair competition.

15 |         154.    Federal and California laws require certain disclosures and proper authorization
16 | before conducting background checks and obtaining information from credit and background
17 | reports in connection with a hiring process.

18 |         155.    Plaintiff and the **FCRA, ICRAA and CCRAA Class** re-alleges and incorporates by
19 | reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

20 |         156.    California law requires employers to pay hourly, non-exempt employees for all hours
21 | they are permitted or suffered to work, including hours that the employer knows or reasonable
22 | should know that employees have worked.

23 |         157.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIFTH, and
24 | SIXTH causes of action herein.

25 |         158.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

26 |         159.    Defendants have or may have acquired money by means of unfair competition.

27 |         160.    Defendants have violated Federal and California laws through their policies and
28 | practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer

1  credit reports (referred to collectively as "credit and background reports") to conduct background
2  checks on Plaintiff and other prospective, current and former employees and use information from
3  credit and background reports in connection with their hiring process without providing proper
4  disclosures and obtaining proper authorization in compliance with the law.

5      161.    Plaintiff is informed and believes and thereupon alleges that by committing the
6  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,
7  216, 225, 226.6, 354, 408, 553, 1175 and 1199, which make it a misdemeanor to commit the Labor
8  Code violations alleged herein.

9      162.    Defendants have committed criminal conduct through their policies and practices of,
10  *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-
11  exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each
12  work period of five or more hours before the fifth hour of work, by failing to pay non-exempt
13  employees with rest periods of at least ten minutes for each four hour work period or major fraction
14  thereof.

15      163.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt
16  employees and entitled to the full protections of both the Labor Code and the applicable Wage
17  Order.

18      164.    Defendants' unlawful conduct as alleged in this Complaint amounts to and
19  constitutes unfair competition within the meaning of Business and Professions Code section 17200
20  *et seq*.  Business and Professions Code sections 17200 *et seq*. protects against unfair competition
21  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of
22  an unfair, unlawful or fraudulent business practice to seek restitution on him own behalf and on
23  behalf of similarly situated persons in a class action proceeding.

24      165.    As a result of Defendants' violations of the Labor Code during the applicable
25  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form
26  of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'
27  conduct.

28      166.    Plaintiff is informed and believes that other similarly situated persons have been

29
CLASS ACTION COMPLAINT

1 │ subject to the same unlawful policies or practices of Defendants.

2 │     167.    Due to the unfair and unlawful business practices in violation of the Labor Code,

3 │ Defendants have gained a competitive advantage over other comparable companies doing business

4 │ in the State of California that comply with their legal obligations.

5 │     168.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

6 │ for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

7 │ violates or is considered unlawful under any other state or federal law.

8 │     169.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,

9 │ Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining

10 │ Defendants, and each of them, and their agents and employees, from further violations of the

11 │ FCRA, ICRAA and CCRAA; and upon a final hearing seek an order permanently enjoining

12 │ Defendants, and each of them, and their respective agents and employees, from further violations

13 │ of the FCRA, ICRAA and CCRAA.

14 │     170.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

15 │ request the issuance of temporary, preliminary and permanent injunctive relief enjoining

16 │ Defendants, and each of them, and their agents and employees, from further violations of the Labor

17 │ Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

18 │ an order permanently enjoining Defendants, and each of them, and their respective agents and

19 │ employees, from further violations of the Labor Code and applicable Industrial Welfare

20 │ Commission Wage Orders.

21 │     171.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

22 │ himself and **FCRA Class, ICRAA Class, CCRAA Class and UCL Class** members, seek

23 │ declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not

24 │ pay them or otherwise retained by means of its unlawful and unfair business practices.

25 │     172.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

26 │ and/or the common fund doctrine, Plaintiff and **FCRA Class, ICRAA Class, CCRAA Class and**

27 │ **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their

28 │ unfair competition claims.

| | | |
|---|---|---|
| 1 | | **PRAYER FOR RELIEF** |
| 2 | | WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief |
| 3 | and judgment against Defendants as follows: |
| 4 | (1) | An order that the action be certified as a class action; |
| 5 | (2) | An order that Plaintiff be appointed class representative; |
| 6 | (3) | An order that counsel for Plaintiff be appointed class counsel; |
| 7 | (4) | Unpaid wages; |
| 8 | (5) | Actual damages; |
| 9 | (6) | Liquidated damages; |
| 10 | (7) | Restitution; |
| 11 | (8) | Declaratory relief; |
| 12 | (9) | Pre-judgment interest; |
| 13 | (10) | Statutory penalties; |
| 14 | (11) | Civil penalties; |
| 15 | (12) | Costs of suit; |
| 16 | (13) | Reasonable attorneys' fees; and |
| 17 | (14) | Such other relief as the Court deems just and proper. |
| 18 | | **DEMAND FOR JURY TRIAL** |
| 19 | | Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all |
| 20 | issues so triable. |
| 21 | |
| 22 | DATED: April 27, 2018 | SETAREH LAW GROUP |
| 23 | |
| 24 | |
| 25 | |
| 26 | | SHAUN SETAREH |
| | | Attorneys for Plaintiff |
| 27 | | WILLIE R. MEADOWS |
| 28 | |

31
CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Shaun Setareh (SBN 204514)
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
TELEPHONE NO.: (310) 888-7771    FAX NO.: (310) 888-0109
ATTORNEY FOR *(Name)*: Willie R. Meadows

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 4/27/2018 2:59 PM
Reviewed By: E. Fang
Case #18CV327372
Envelope: 1462790**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Meadows v. American Addiction Centers, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | 18CV327372 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: Nine
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 27, 2018

Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME)                              ▶ _____
                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Shaun Setareh (SBN 204514)<br>SETAREH LAW GROUP<br>9454 Wilshire Boulevard, Suite 907<br>Beverly Hills, California 90212 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (310) 888-7771   FAX NO.: (310) 888-0109<br>ATTORNEY FOR (Name): Willie R. Meadows | **Electronically Filed** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Court

**by Superior Court of CA,**
**County of Santa Clara,**
**on 4/27/2018 2:59 PM**
**Reviewed By: E. Fang**
**Case #18CV327372**
**Envelope: 1462790**

CASE NAME:
Meadows v. American Addiction Centers, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 18CV327372 |
| | | | | JUDGE: |
| | | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☑ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):  Nine
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 27, 2018
Shaun Setareh, Esq.
_____(TYPE OR PRINT NAME)_____   ▶  _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

18CV327372
Santa Clara – Civil

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>9454 Wilshire Blvd., 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br>Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 5/9/2018 12:50 PM<br>Reviewed By: R. Walker<br>Case #18CV327372<br>Envelope: 1500679 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Santa Clara County
191 N. First Street
San Jose, CA 95113-1090

| PLAINTIFF/PETITIONER: Willie R. Meadows<br><br>DEFENDANT/RESPONDENT: American Addition Centers, Inc., et al. | CASE NUMBER:<br>18CV327372 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>American Addict 7372 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of: Complaint, Summons, Civil Case Cover Sheet

3. a. Party served: American Addiction Centers, Inc., a Nevada corporation

   b. Person Served: Tricia Rosand - Registered Agent Solutions, Inc. - Person Authorized to Accept Service of Process

4. Address where the party was served: 1220 S Street, 150
   Sacramento, CA 95811

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 05/02/2018          (2) at (time): 3:48PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

American Addiction Centers, Inc., a Nevada corporation
under: CCP 416.10 (corporation)

7. Person who served papers
   a. Name:      Brandon Lee Ortiz
   b. Address:   One Legal - 194-Marin
                 504 Redwood Blvd #223
                 Novato, CA 94947

   c. Telephone   415-491-0606
   d. The fee for service was: $ 75.00
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2012-37
         (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 05/08/2018

Brandon Lee Ortiz
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**          OL# 11942282

Code of Civil Procedure, § 417.10