**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| WILLIE R. MEADOWS,<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN ADDICTION CENTERS, INC.,<br><br>   Defendant. | Case No. 18-cv-03291-BLF<br><br>**ORDER VACATING APRIL 16, 2020 HEARING ON MOTION TO INTERVENE; GRANTING MOTION TO INTERVENE; AUTHORIZING FILING OF COMPLAINT IN INTERVENTION; AND SETTING DEADLINE FOR STATUS REPORT RE FILING OF CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>[Re: ECF 41] |

Having determined that the Motion to Intervene (ECF 41) filed by Proposed Intervenor Caroline Park ("Park") is appropriate for disposition without a hearing, the Court VACATES the hearing set for April 16, 2020. Park's motion is GRANTED for the reasons discussed below.

Plaintiff Willie R. Meadows ("Meadows") filed this putative class action in the Santa Clara County Superior Court on April 27, 2018, asserting claims against his former employer, Defendant American Addiction Centers, Inc. ("AAC"), for violations of federal and state credit reporting laws, state wage and hour laws, and state unfair competition law. *See* Notice of Removal Exh. A, ECF 1-1. AAC removed the action to federal district court on June 1, 2018, on the basis of federal question jurisdiction. *See* Notice of Removal, ECF 1. Meadows filed the operative first amended complaint ("FAC") on September 11, 2018, adding a claim under California's Private Attorneys General Act ("PAGA"). *See* FAC, ECF 16. AAC answered the FAC on February 14, 2019. *See* Answer, ECF 29.

1         On April 11, 2019, Proposed Intervenor Park filed a putative class action against AAC in the Orange County Superior Court, and on July 12, 2019, Park filed a first amended complaint against AAC ("Park FAC"). *See* Allen Decl. ¶ 9, ECF 41-1. Although Park apparently intended to attach a copy of the Park FAC to the present motion, it was omitted from Park's filing.[1] The Court accepts the description of the Park FAC provided in the Motion to Intervene, which is signed by Park's counsel. *See* Motion to Intervene, ECF 41. The Park FAC alleges that Park worked for AAC as a non-exempt, hourly nurse from approximately March 2016 to February 22, 2019. *See id*. Park asserts state law wage and hour claims on behalf of a putative class of non-exempt, hourly nurses employed by AAC in California, as well as a PAGA claim for penalties arising from the alleged wage and hour violations. *See id*. The Orange County Superior Court has stayed Park's action. *See* Allen Decl. ¶ 10, ECF 41-1.

        Park now seeks leave to intervene as of right in the present action pursuant to Federal Rule of Civil Procedure 24(a). *See* Motion to Intervene, ECF 41. An applicant seeking to intervene as of right under Rule 24(a) must "make four showings to qualify under this Rule: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks and citation omitted). Park has satisfied these four requirements. She has a significant protectable interest in the subject of the present action, as it appears that she is a putative class member in the present action (factor 1). Disposition of the present action may impair or impede Park's ability to protect her interest, as her claims against AAC will be resolved by the present action unless she opts out (factor 2). Park's application is timely, as the present action is in its early stages (factor 3). Finally, the parties to the present action may not adequately represent Park's interests, as Plaintiff Meadows has not asserted claims

---

[1] The Allen Declaration states that a copy of Park's FAC is attached to the declaration as Exhibit G. *See* Allen Decl. ¶ 9, ECF 41-1. However, there is no Exhibit G attached to the Allen Declaration.

2

specific to nurses who work an alternative workweek schedule or a standalone claim for unpaid overtime, both claims that Park seeks to assert (factor 4).

Pursuant to a stipulation submitted by Plaintiff Meadows, Defendant AAC, and Proposed Intervenor Park, and approved by the Court, any opposition to the Motion to Intervene was due by March 6, 2020. *See* Stipulation and Order, ECF 44. Defendant AAC filed a Statement of Non-Opposition on March 6, 2020. *See* Statement of Non-Opposition, ECF 45. Plaintiff Meadows did not respond to the Motion to Intervene. Accordingly, based on the Court's determination that Park has satisfied the requirements of Rule 24(a), governing intervention as of right, and absent any opposition, Park's Motion to Intervene is GRANTED.

Park has submitted a Proposed Complaint in Intervention. *See* Proposed Complaint, ECF 41-2. Park SHALL file her Complaint in Intervention separately on the docket on or before April 15, 2020.

Meadows and Park SHALL file a joint status report, on or before April 22, 2020, advising the Court whether they intend to file a consolidated class action complaint and proposing a schedule for such filing.

**ORDER**

For the foregoing reasons,

(1) The April 16, 2020 hearing on the Motion to Intervene is VACATED;

(2) The Motion to Intervene is GRANTED;

(3) Park SHALL file her Complaint in Intervention separately on the docket on or before April 15, 2020; and

(4) Meadows and Park SHALL file a joint status report, on or before April 22, 2020, advising the Court whether they intend to file a consolidated class action complaint and proposing a schedule for such filing.

Dated: April 9, 2020

BETH LABSON FREEMAN
United States District Judge